# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BOONE VALLEY FOREST PRODUCTS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:13-CV-2588 CAS |
| PSL NORTH AMERICA, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant PSL North America, LLC's ("PSL") motion to transfer plaintiff's complaint to the United States District Court for the Southern District of Mississippi or, in the alternative, to stay this action pending the United States District Court for the Southern District of Mississippi's ruling on plaintiff's pending motion to dismiss or transfer.[1] Plaintiff Boone Valley Forest Products, Inc. ("Boone Valley") opposes the motion. The motion is fully briefed and ready for disposition. For the following reasons, the Court will grant PSL's alternative motion to stay this case pending the United States District Court for the Southern District of Mississippi's ruling on Boone Valley's motion to dismiss or transfer. The Court will deny without prejudice PSL's motion to transfer.

**Background**

PSL is in the pipe manufacturing and coating business. Boone Valley is in the wholesale lumber business. At various times since 2009, PSL has contracted with Boone Valley to provide

---

[1] In its reply brief, PSL added its alternative request for this Court to stay its ruling on PSL's motion to transfer pending a ruling by the Mississippi court on plaintiff Boone Valley's previously-filed motion to dismiss or transfer. See Def. Reply (Doc. 19) at ¶¶ 6-7.

lumber for PSL to use in shipping its pipe. This action arises out of an alleged breach of contract between PSL and Boone Valley for the shipment of lumber.

There are two cases pending in two different district courts arising out of the same set of transactions. On October 25, 2013, PSL filed against Boone Valley a breach of contract and declaratory judgment case in Mississippi state court (the "Mississippi case"). On November 22, 2013, Boone Valley removed the Mississippi case to the United States District Court for the Southern District of Mississippi.

On October 28, 2013, Boone Valley filed against PSL a breach of contract and misrepresentation action in Missouri state court (the "Missouri case"). On December 30, 2013, PSL removed the case to this district court.

On December 19, 2013, Boone Valley filed in the Mississippi case a motion to transfer the case to this district court; on January 15, 2014, PSL filed in this case a motion to transfer the case to the United States District Court for the Southern District of Mississippi.

**Discussion**

"The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" Anheuser-Busch, Inc. v. Supreme Int'l Corp., 167 F.3d 417, 419 n.3 (8th Cir. 1999) (quoting United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990)).

The procedural facts of this case are similar to those in Anheuser-Busch. In Anheuser-Busch, Anheuser had notice that Supreme was going to file suit against it regarding Anheuser's use of a penguin trademark. See id., 167 F.3d at 419. Before Supreme could file its suit, Anheuser filed an action against Supreme in this Court seeking a declaration that its use of the trademark was not

infringing. Five days later, Supreme filed its own action in the United States District Court for the Southern District of Florida. Anheuser filed a motion to dismiss or stay the Florida action, pending this Court's decision to apply the first-filed rule. The Florida district court granted the motion and stayed its action. After consideration, this Court refused to apply the first-filed rule under the "compelling circumstances" exception to the rule, and dismissed the Missouri action. The Florida court then lifted its stay and the Florida case resumed.

At this point, the question for the Court is not whether an exception to the first-filed rule applies. Rather, the question is which Court should determine whether an exception to the first-filed rule applies. As repeatedly stated in Eighth Circuit case law, for purposes of judicial comity, the well-established rule is that "the first court in which jurisdiction attaches has priority to consider the case." Anheuser-Busch, 167 F.3d at 419 n.2; see also Keymer v. Management Recruiters Int'l Inc., 169 F.3d 501, 503 n.2 (8th Cir. 1999); Maytag Corp. v. United Auto., Aerospace and Agric. Implement Workers, 2009 WL 350649, at *6 (S.D. Iowa Feb. 11, 2009). Here, the first court in which jurisdiction attached was the District Court for the Southern District of Mississippi. Therefore, this Court will not address the merits of PSL's motion to transfer. Rather, for purposes of judicial comity, it will stay this case pending the Mississippi District Court's resolution of Boone Valley's motion to dismiss or transfer.

Accordingly,

**IT IS HEREBY ORDERED** that defendant PSL North America, LLC's alternative motion to stay this action pending the United States District Court for the Southern District of Mississippi's ruling on plaintiff Boone Valley Forest Products, Inc.'s motion to dismiss or transfer is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** defendant PSL's motion to transfer the plaintiff's action to the United States District Court for the Southern District of Mississippi is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall notify the Court in writing of a ruling on plaintiff Boone Valley Forest Products, Inc.'s motion to dismiss or transfer within seven (7) days of such ruling by the United States District Court for the Southern District of Mississippi.

**IT IS FURTHER ORDERED** that plaintiff Boone Valley Forest Products, Inc.'s motion for leave to file a surreply is **DENIED as moot**. [Doc. 20]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this    11th    day of February, 2014.